**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ERNEST L. MOSELY,
Plaintiff-Appellant,

v.

No. 96-2269

NORTHERN VIRGINIA COMMUNITY
COLLEGE; BRENDA FLOYD,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-1574-A)

Submitted: October 28, 1997

Decided: November 18, 1997

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Annette K. Rubin, MARTIN & RUBIN, Leesburg, Virginia, for
Appellant. James S. Gilmore, III, Attorney General of Virginia, Cath-
erine C. Hammond, Deputy Attorney General, Neil A.G. McPhie,
Senior Assistant Attorney General, Guy W. Horsley, Jr., Senior Assis-
tant Attorney General, OFFICE OF THE ATTORNEY GENERAL,
Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ernest L. Mosley appeals from the district court's order granting
summary judgment to the Defendants on his employment discrimina-
tion action. For the reasons that follow, we affirm.

Mosley was hired by Northern Virginia Community College
(NOVA) in 1988 as a part-time security officer. In July 1993, Mosley
was charged with two violations of NOVA's weapons storage policy
and two charges of insubordination. NOVA terminated Mosley on
August 6, 1993. The weapons charges were overturned on appeal
through the grievance system for state employees and Mosley was
reinstated without back pay on February 7, 1994.* Mosley filed an
EEOC complaint on February 16, 1994, alleging race discrimination
during his earlier employment with the college up to and including his
termination on August 6, 1993.

In March 1994, Mosley received a letter of reprimand from Defen-
dant Floyd (Dean of Financial and Administrative Services) for a July
1993 incident in which Mosley had found, in the college business
office, an open safe containing a large amount of cash. Mosley gave
$1000 of the cash to a co-worker as a "joke." Mosley was repri-
manded for failing to notify his supervisor regarding the open safe
and for failing to record the incident in his activity log. Floyd stated
in her affidavit that she did not issue the reprimand earlier because
she did not learn of the incident until after Mosley's termination.

Mosely unsuccessfully applied for two positions with campus
security in the fall of 1994. In September 1994, Mosley applied for
a position as Sergeant at the Annandale campus of NOVA but was not
selected for an interview. The person hired to fill this position had

_____

*The insubordination charges were upheld.

2

over twenty years of experience as a police officer with Fairfax county and was a Master Police Officer at the time of his selection.

In February 1995, a citizen complaint was filed against Mosley by the manager of a public storage facility who claimed that Mosley assaulted him when he refused Mosley admittance to his storage locker due to unpaid rent. Mosley was suspended with pay pending an investigation into the complaint. Mosley refused to cooperate in the investigation and he was ultimately discharged for failure to follow orders, insubordination, and making false statements in response to written questions submitted to him by his supervisors.

Mosley amended his EEOC complaint on March 10, 1995, to add a claim of retaliation for filing his initial charge. The EEOC found that (1) all charges related to conduct prior to August 20, 1993, were time-barred under 42 U.S.C. § 2000e-5(e) (1994); and (2) the remaining claims were without merit.

Mosley then filed a complaint in the district court alleging claims of race discrimination and retaliation under Title VII and also claimed that the Defendants' conduct denied him due process and equal protection actionable under 42 U.S.C. § 1983 (1994). The district court granted summary judgment to the Defendants on Mosley's Title VII claims but did not specifically address his § 1983 claims. Mosley appeals.

This court reviews the district court's granting of summary judgment de novo. Farwell v. Un, 902 F.2d 282, 287 (4th Cir. 1990). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We construe all facts and draw reasonable inferences in the favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Mosley first claims that the district court improperly granted summary judgment on his claims of racial discrimination and retaliation. Applying the burden-shifting scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Community

3

Affairs v. Burdine, 450 U.S. 248 (1981), we find that Mosley failed to produce evidence sufficient to rebut the legitimate nondiscriminatory reasons proffered by the Defendants with respect to Mosley's failure-to-hire claim and his final termination. To establish a claim of retaliation actionable under Title VII, Mosley must show that (1) he engaged in protected activity; (2) his employer took adverse employment action against him; and (3) a causal connection between the protected activity and the adverse action. See Carter v. Ball, 33 F.3d 450, 460 (4th Cir. 1994). The employer may rebut a plaintiff's prima facie case by articulating non-retaliatory reasons for its actions. Id. The burden then shifts back to the plaintiff to show that those reasons were pretextual. Id. Assuming Mosley proved the first two elements, he failed to show a causal connection between the filing of his EEOC complaint and his ultimate termination or his unsuccessful applications for the Sergeant position. In any event, as stated earlier, Mosley failed to produce evidence sufficient to rebut the Defendants' legitimate nondiscriminatory reasons for their actions.

Next, Mosley claims that the district court erred in dismissing as time-barred his claims concerning his termination in August 1993 and incidents prior thereto. Under 42 U.S.C. § 2000e-5(e), a complainant must file with the EEOC within 180 days of the unlawful practice. Because Mosley's complaint was filed more than 180 days after August 6, 1993, and because he did not file with a"deferral agency" (which would have extended the time period to 300 days), the district court properly dismissed these claims as time-barred.

Finally, although the district court did not specifically address Mosley's § 1983 claims alleging denial of due process and equal protection, we find any such claims to be without merit. First, the College is entitled to Eleventh Amendment immunity. See Harter v. Vernon, 101 F.3d 334, 340 (4th Cir. 1996). Second, Mosley's due process claim fails because he was entitled to utilize the Virginia state grievance system. See Detweiler v. Virginia Dep't of Rehab. Servs., 705 F.2d 557 (4th Cir. 1983) (holding that grievance system for state employees satisfies constitutional minimum for post-deprivation procedural protection). Moreover, because he was suspended with pay, Mosley was not entitled to a pre-termination hearing. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 544-45 (1985). Mosley's equal protection claim is based on the same allegation underlying his

4

Title VII racial discrimination claim. Because this conduct failed to state a Title VII claim, it fails under § 1983 as well. See Beardsley v. Webb, 30 F.3d 524, 529 (4th Cir. 1994) (courts may apply the standards developed in Title VII litigation to similar claims under § 1983).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5